### JAMES F. TAYLOR v. JOHN FINLAYSON, ET AL.

**Surrender of Mortgage and Note Induced by Fraud.**
> One holding a prior mortgage does not defeat his lien by surrendering it and the note secured by it, where he is lead to do so by being given a check for the amount, and upon representations that the check would be paid and that the money was in the bank, but such check is protested and never paid.

**Second Mortgage Lien.**
> One holding a second mortgage does not become a first lienholder when the first mortgage is satisfied of record by reason of false representations of the debtor, who gives a worthless check in payment, and the second mortgagee has parted with nothing on the strength of such release.

#### APPEAL FROM CARTER CIRCUIT COURT.

February 17, 1880.

OPINION BY JUDGE PRYOR:

The right of the partner to execute the mortgage is no where questioned by any pleading, and the company or firm name appear-

32

ing to it, signed by one of the partners, is sufficient to make it a valid instrument, and create a lien on the property. Besides, the objection, if fatal to the appellant, would be equally as fatal to the mortgage executed to Lane & Bodly. The only question presented by the record is as to the priority of liens.

All the creditors are in equity asserting their liens, and the prior equity must prevail. The attempted payment by the firm of Chiles & Co. to James Taylor did not have the effect to discharge the debt or release the lien, and as between the parties to the mortgage there can be no doubt as to appellant's right to enforce it. The check of a married woman was given for the debt or its payment, on the representation that she would pay it, and not only so, but had the money in bank for that purpose. The married woman was a non-resident, and the appellant, relying solely on this and the representations of the debtors, surrendered his note and released his lien. The check was protested and has never been paid. The mortgagors recognized their liability still on the mortgage when informed of the protest of the paper, and as between them the mortgage can be enforced.

If no payment has been made by the real debtors, how does this affect the rights of Lane & Bodly or the attaching creditors? The attaching creditor has made no purchase, and is asserting an equity of later date than that asserted by the appellant. The mortgagees, Lane & Bodly, advanced no money on the faith of the release, and the mortgage was on record without any evidence of a satisfaction. They have attempted to secure an antecedent debt by the execution of the mortgage to them, and have really lost nothing by the act of the appellant. They are not to be regarded in the light of purchasers for value, and no equitable estoppel can be pleaded, as no injury has resulted to them. They have neither advanced money nor released any lien given to secure their debts. Appellant's lien was superior, and as it has never been discharged, nor the appellees acted upon it so as to cause them any loss, we see no reason why the equity of the appellant should not be enforced as against Lane & Bodly.

The judgment below is therefore *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

E. F. Dulin, for appellant.

L. T. Moore, E. B. Wilhoit, William Bowling, for appellees.